STOULIG, Judge.
Plaintiff, Mrs. Victoria Weeser Fleming,[1] as the beneficiary, has appealed a judgment dismissing her suit for the proceeds of two insurance policies on the life of her husband issued by the defendant, Provident Mutual Life Insurance Company. The insured, Arthur J. Weeser, Jr., died of coronary occlusion and coronary sclerosis[2] on May 8, 1966. The trial judge sustained the insurer’s affirmative defense, which, in essence, was that the insured’s deliberate failure to disclose his known heart condition was a material misrepresentation that invalidated coverage.
We affirm. L.R.S. 22:619(B) [3] requires the insurer asserting such a defense to carry the burden of proving (1) that a fact was misrepresented; (2) that this misrepresentation was material to the risk; and/or (3) that it was made with an intent to deceive. Defendant established these requisites by a preponderance of the evidence.
On June 18, 1964, Dr. Calvin Johnson, in his capacity as Provident Mutual’s physician, conducted a physical examination of Arthur J. Weeser, Jr., in connection with his application for life insurance. Part of the examination consisted of directing a series of questions to the applicant to elicit his medical history. Many of the questions, printed on one of defendant’s forms, called for an affirmative or negative response. When the questionnaire was completed, it formed a part of the insured’s application. It is a negative answer to the quoted question upon which defendant primarily rests its claim of misrepresentation:
“IS Have you ever had or been told by a physician or other practitioner that you had any of the following:

(d) Pain, pressure or any discomfort in the chest, palpitation, heart trouble, angina pectoris, coronary disorder, heart murmur, high blood pressure, swellling of legs or ankles?
The record indicates this answer was false because Weeser had been apprised of and had been treated for a heart condition by Dr. Leon D. Bultman, an internist. We can only conclude that the applicant fully understood the import of this question since Dr. Bultman’s medical notes of May 15, 1955, reflect that Weeser stated that he had been rated because of a heart murmur. The doctor explained “rated” referred to an insurance company rating. Even plaintiff concedes her husband had been advised by a doctor he had a heart condition prior to filling out this application; therefore it is impossible to conclude anything other than the insured knew of his heart condition and did intentionally conceal this information from his insurer.[4]
Had this question been answered truthfully, Dr. Frank Mansure, defendant’s medical director, testified the policy would not have been issued because Dr. Bultman *232 would have been consulted for further information and his records would have disclosed angina coupled with labile hypertension. Mansure rated him as a bad risk on whom his company would not care to issue a life policy, had it known his full medical history.
Defendant points out the applicant failed to disclose an aortagram had been performed on him in 1963. Because the test is unrelated to the heart condition (according to the preponderance of medical testimony) and because it was negative, we do not find this constituted the withholding of a fact that would materially affect the insurer’s risk.
Defendant’s case rests on the application form completed by Dr. Johnson, who admits he has no independent recollection of his examination of Mr. Weeser made some 10 years previously.
Plaintiff points out several errors in the medical section of the application form that she claims discredits its evidentiary value. To illustrate: Question 10 on the form asks if the applicant had any surgical operations and the answer appearing is “No”, while the answer to question 11 asking if the applicant has been in a hospital for treatment lists four surgical procedures he underwent. And again, question 15(g) inquiring, inter alia, whether the applicant had a hernia answered in the negative, and yet one of the surgical procedures listed in answer 11 is a hernioplasty. Also, Dr. Johnson erroneously noted Mr. Weeser had a hysterectomy performed and in the section captioned “Additional Explanatory Remarks” noted it was for benign bleeding. Both entries were scratched through and initialed by Dr. Johnson. He explained that what probably happened is that he mistakenly made the entry for Mrs. Wees-er on her husband’s form. She too had applied for insurance and was examined that same day by Dr. Johnson. Her application, introduced in evidence, recites she had a hysterectomy for benign bleeding.
The errors in this application admitted by Dr. Johnson are clerical and apparent on the fact of the document. The negative answers to the questions about surgery and the hernia are countered by positive information on the form itself. These are insufficient to render the document of no probative value. See Radosta v. Prudential Insurance Company of America, 163 So.2d 177 (La.App. 4th Cir. 1964). We assign great weight to the trial judge’s evaluation of Dr. Johnson’s testimony explaining the clerical discrepancies on the form. Dr. Johnson is a pivotal witness. Had the trial judge concluded he was careless, inaccurate and/or evasive, he obviously would have reached an opposite result, even though we have no written reasons to state this positively.[5]
In summary we conclude Arthur J. Weeser, Jr., failed to disclose a material fact, i. e. that he had been treated for heart disease prior to applying for insurance; that had this fact been reported to the insurer, no policy would have been issued; and that, knowing this, the decedent intended to withhold this information in order to obtain coverage.
For these reasons the judgment appealed from is affirmed.

Affirmed.

. Plaintiff remarried after this suit was filed.

. The death certificate gives these as the causes of death.

. “In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer.” (Eta-phasis added.)
See also Gay v. United Benefit Life Insurance Company, 233 La. 226, 96 So.2d 497 (1957).

. Radosta v. Prudential Insurance Company of America, 163 So.2d 177 (La.App. 4th Cir. 1964), discusses the obvious need to determine “intent” of the applicant from surrounding circumstances since direct proof cannot be adduced.

. Appellant complains, “ * * * No reasons whatsoever, either written or oral, were given for the judgment. * * * ” If appellant wanted reasons assigned, he could have asked the trial judge to “ * * * give in writing its findings of fact and reasons for judgment.” C.C.P. art. 1917.